In re GOULD PAPER CORPORATION.

Appeal No. 87–1358.

United States Court of Appeals,
Federal Circuit.

Dec. 8, 1987.

Joseph Diamanti, Pennie & Edmonds, New York City, submitted for appellant. With him on the brief were Harry C. Jones, III and Thomas A. Canova.

Albin F. Drost, Asst. Sol., U.S. Patent and Trademark Office, Arlington, Va., submitted for appellee. With him on the brief were Joseph F. Nakamura, Sol. and Fred E. McKelvey, Deputy Sol.

Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

The decision of the Patent and Trademark Office Trademark Trial and Appeal Board (Board) affirming the refusal of the United States Patent and Trademark Office (PTO) to register the mark "SCREEN-WIPE" for wipes that clean computer and television screens is affirmed.

## BACKGROUND

Gould Paper Corporation filed an application, Serial No. 453,138, to register on the Principal Register its alleged mark "SCREENWIPE" for goods eventually identified as "pre-moistened, anti-static cloth for cleaning computer and television screens." Initially, the PTO refused registration under section 2(e)(1) of the Lanham Act, 15 U.S.C. § 1052(e)(1) (1982), on the ground that the mark was "merely descriptive" of the goods. In response, Gould argued that although the terms "screen" and "wipe" are words that are commonly used, the unique combination formed by the union of these two words renders the "SCREENWIPE" mark distinctive. The PTO, nevertheless, issued a second refusal

on the ground that the term "SCREEN-WIPE" was so highly descriptive as to be the apt or common descriptive name of Gould's goods, and therefore, incapable of being registered. On appeal, the Board affirmed the refusal to register the mark, finding that "SCREENWIPE" was a generic term for the type of product.

## ISSUE

Whether the mark "SCREENWIPE" is incapable of distinguishing Gould's goods from those of others because the term is an apt or common descriptive name for a pre-moistened, anti-static cloth for cleaning computer and television screens.

## OPINION

■ A generic term is the apt or common descriptive name of a class or genus of goods, and must be refused registration under the Lanham Act because it does not function as a trademark. By definition a generic term identifies a type of goods not the source of such goods. 3 *Callmann Unfair Competition, Trademarks & Monopolies* § 18.03 (4th ed. 1983). Thus, determining whether an alleged mark is generic involves a two-step factual analysis: "First, what is the genus of goods or services at issue? Second, is the term sought to be registered ... understood by the relevant public primarily to refer to that genus of goods or services?" *H. Marvin Ginn Corp. v. International Ass'n of Fire Chiefs*, 782 F.2d 987, 990, 228 USPQ 528, 530 (Fed.Cir.1986).

There is no dispute as to the genus of the goods. Gould, however, attacks the Board's analysis, arguing that the PTO failed to establish a prima facie case of genericness because it presented no factual, objective evidence showing that the public accepted the term "SCREENWIPE" as a generic term. According to Gould, the Board merely stated the obvious—that the words "screen" and "wipe" by themselves were words found in the English language, and from this basic premise concluded that the composite term "SCREENWIPE" was generic and accepted as such by the public. Gould asserts that our *Marvin* decision

bars the Board from affirming a refusal to register on the grounds of genericness merely by relying on dictionary definitions of two separate nouns without evidence that the compound "SCREENWIPE" is a term understood by the public to refer to that good.

■ We agree with Gould that "to refuse registration on the ground that an applicant seeks to register the generic name of the goods, the PTO must show that the word or expression inherently has such meaning in ordinary language, or that the public uses it to identify goods of other producers as well." *In re DC Comics, Inc.*, 689 F.2d 1042, 1054–55, 215 USPQ 394, 405 (CCPA 1982) (Judge Nies, concurring) (footnote and citation omitted). We hold, however, that the PTO has satisfied its evidentiary burden if, as it did in this case, it produces evidence including dictionary definitions that the separate words joined to form a compound have a meaning identical to the meaning common usage would ascribe to those words as a compound.

■ Here the Board found that the term "wipe" is a commonly used generic term for wiping or cleaning cloths, including applicant's goods, by relying on dictionary definitions of the term "wipe," and on third-party trademark registrations in which "wipes" is used as a synonym for wiping cloths in identifying similar goods. Also, specimens filed with Gould's application so indicate:

SCREENWIPE™ is a pre-moistened anti-static wipe especially designed for cleaning computer screens, removing grit and dust ...

Instructions

Open packet, unfold wipe. Wipe screen from top to bottom in even strokes.

The Board concluded that because Gould's wipes are used on television and computer screens, and the combination of "SCREEN" and "WIPE" does not render Gould's mark unique or incongruous, the common descriptive aspect of applicant's mark is not lost in the combined form. We agree.

Gould's own submissions provided the most damaging evidence that its alleged mark is generic and would be perceived by the purchasing public as merely a common name for its goods rather than a mark identifying the good's source. On its own specimen supporting the application, Gould advises: "a ... wipe ... for ... screens." Whether compounded as "screen wipe"—two words—or "screenwipe"—one word—either is ordinary grammatical construction. *See* Webster's Third New International Dictionary 28a (1976). Nothing is left for speculation or conjecture in the alleged trademark. The compound immediately and unequivocally describes the purpose, function and nature of the goods as Gould itself tells us. Gould has simply joined the two most pertinent and individually generic terms applicable to its product, and then attempts to appropriate the ordinary compound thus created as its trademark. *See Cummins Engine Co. v. Continental Motors Corp.*, 359 F.2d 892, 53 CCPA 1167, 149 USPQ 559 (1966) ("TURBODIESEL" generic for engines having exhaust driven turbine superchargers); *In re Abcor Dev. Corp.*, 588 F.2d 811, 815, 200 USPQ 215, 219 (CCPA 1978) (Judge Rich, concurring) ("GASBADGE" generic for a gas monitoring badge). In this instance, the terms remain as generic in the compound as individually, and the compound thus created is itself generic.

## CONCLUSION

The Board's finding that the term "SCREENWIPE" is generic as applied to wipes for cleaning computer and television screens has not been shown to be clearly erroneous. Thus, the Board's decision is affirmed.

AFFIRMED.