6/11/02

THIS DISPOSITION IS
CITABLE AS PRECEDENT
OF THE TTAB

Paper No. 20
RFC

# UNITED STATES PATENT AND TRADEMARK OFFICE

_____

## Trademark Trial and Appeal Board

_____

In re Martin Container, Inc.

_____

Serial No. 75/553,426

_____

Scott J. Major of Milan, White, Zelant & Branigan for
Martin Container, Inc.

Scott Baldwin, Trademark Examining Attorney, Law Office 112
(Janice O'Lear, Managing Attorney).

_____

Before Simms, Cissel and Hanak, Administrative Trademark
Judges.

Opinion by Cissel, Administrative Trademark Judge:

On September 15, 1998, applicant filed the above-
identified application to register the mark "CONTAINER.COM"
on the Principal Register for "buying, selling, and renting
metal shipping containers," in Class 35. The basis for the
application was applicant's claim that it had used the mark
in connection with the services in commerce since July 20,
1998.

The original Examining Attorney[1] refused registration under Section 2(e)(1) of the Lanham Act, 15 U.S.C. Section 1052(e)(1), on the ground that the mark is merely descriptive in connection with the services identified in the application. He noted that the mark was a combination of a descriptive term and a top level domain ("TLD") indicator, which does not serve any trademark function as an indication of source. The Examining Attorney reasoned that when the word "CONTAINER," which is merely descriptive in connection with retail sales and rental of containers, is combined with ".COM," which simply signifies that the user of the domain name is a commercial entity, the resulting combination merely describes the services applicant set forth in the application.

In addition to refusing registration on the ground of descriptiveness, the Examining Attorney also found the recitation of services in the application to be unacceptable because of the use of the words "buying" and "selling." Noting that buying or selling one's own goods is not considered to be a service within the meaning of the Lanham Act, the Examining Attorney suggested that applicant

---

[1] The Examining Attorney identified above was assigned this application following the reassignment of the original Examining Attorney to a different position within the agency.

adopt the following language: "distributorship services featuring metal shipping containers," in Class 35; and "rental of metal shipping containers," in Class 39.

Applicant responded to the first Office Action by amending the application to seek registration on the Supplemental Register, and amending the recitation of services to read as follows: "retail services featuring metal shipping containers," in Class 35; and "rental of metal shipping containers," in Class 39.

The Examining Attorney refused registration on the Supplemental Register under Section 23 the Lanham Act, 15 U.S.C. Section 1091, on the ground that applicant's mark is incapable of identifying applicant's services and distinguishing them from similar services provided by others. He reasoned that the term "CONTAINER" is generic in connection with services such as the rental and retail sale of containers, and that combining this generic term with the TLD ".COM" does not result in a mark registrable on the Supplemental Register because the TLD has no source-identifying significance that it can add to the generic term.

The Examining Attorney accepted the amended recitation of services for class 39, but found the recitation in Class

35 unacceptably indefinite because applicant had not specified the type of retail services it renders. He suggested adoption of the following, if accurate: "retail store services featuring metal shipping containers," in Class 35.

Applicant responded by amending the services in Class 35 to read as follows: "retail store services and retail services offered via telephone featuring metal shipping containers." Applicant also argued that the refusal to register under Section 23 of the Act was not well taken, in that applicant's retail and rental services "are not web based." Applicant stated that its customers purchase its services from a physical location in California or via telephone, and that its Web site is used strictly for advertising purposes. Applicant conceded that "CONTAINER" is a generic term, but argued that the addition of the suffix ".COM" "creates a distinctive composite, or at minimum a composite worthy of registration on the Supplemental Register."

The Examining Attorney accepted the amended recitation of services in Class 35, but continued and made final the refusal to register under Section 23 of the Act. He referred to dictionary definitions of the term "container" as "a receptacle, such as a carton, can, or jar, in which

4

material is held or carried…" or "a large reusable receptacle that can accommodate smaller cartons or cases in a single shipment, designed for efficient handling of cargo." Two computer dictionaries were quoted in reference to the fact that the TLD ".COM" is assigned to corporations or businesses. For example, Prentice Hall's Illustrated Dictionary of Computing, Third Ed., 1998, defines ".com" as "in data communications, the code used to identify an Internet user as one operating (or belonging to) a commercial organization (business)." The Examining Attorney repeated his contention that the TLD lacks the ability to serve as an indication of source in the same way that terms such as "company," "corporation," "Co." and "Inc." do, and that combining such a term with a generic word results in a mark like "CONTAINER.COM," which is incapable of identifying applicant's services and distinguishing them from similar services rendered by others.

Applicant timely filed a Notice of Appeal, which was followed by a request for suspension of the appeal and remand to the Examining Attorney for consideration of the recent ruling of the United States Court of Appeals for the Federal Circuit in In re Dial-A-Mattress Operating Corporation, 240 F.3d 1341, 57 USPQ2d 1807 (Fed. Cir.

5

2001).  The application was remanded to the Examining Attorney, but after reconsidering the refusal to register in light of the new case argued by applicant, he was not persuaded to withdraw the refusal to register.  The Board resumed action on the appeal, applicant filed its appeal brief, the Examining Attorney filed his brief, and applicant filed a reply brief.  Applicant did not request an oral hearing before the Board.

Section 23 of the Lanham Act provides for registration on the Supplemental Register of marks "capable of distinguishing applicant's goods or services and not registrable on the Principal Register."

We affirm the refusal to register because the matter for which registration is sought, "CONTAINER.COM," is incapable of identifying the source of applicant's retail and rental services featuring containers.  Even applicant, as noted above, concedes that "CONTAINER" is generic in connection with its services.[2]  We agree with the Examining Attorney that what applicant seeks to register is simply a generic term, which has no source-identifying significance in connection with applicant's services, in combination

_____

[2] Had applicant not made this concession, the burden would have remained on the Examining Attorney to put in evidence demonstrating generic use of the term, preferably in addition to dictionary evidence of genericness.

6

with the top level domain indicator, which also has no source-identifying significance, and that combining the two does not create a term which has somehow acquired the capability of identifying and distinguishing applicant's services.

This case is analogous to the cases cited by the Examining Attorney, such as In re Paint Products Co., 8 USPQ2d 1863 (TTAB 1988), ["PAINT PRODUCTS CO" held incapable of identifying and distinguishing paints], and In re E.I. Kane, Inc., 221 USPQ 1203 (TTAB 1984), ["OFFICE MOVERS, INC." held incapable of identifying and distinguishing office facilities moving services], wherein combinations of generic terms along with designations identifying the types of entities as companies or corporations were held to be no more registrable than the generic terms would be by themselves. Just as "555-1212.com" was held to be merely descriptive of providing databases featuring telephone and directory information accessible via electronic communication networks in 555-1212.com Inc. v. Communication House International Inc., 157 F.Supp.2d 1084, 59 USPQ2d 1453, 1457-59 (N.D. Cal. 2001), to the average customer seeking to buy or rent containers, "CONTAINER.COM" would immediately indicate a commercial web site on the Internet which provides

7

containers. See also: 1 J. McCarthy, Mc Carthy on Trademarks & Unfair Competition, Section 7:17.1 (4th ed. 2002) at 7-28.1 [" a top level domain ['TLD)'] indicator [such as 'com.'] has no source indicating significance and cannot serve any trademark [or service mark] purpose" and "[t]he same is true of other non-distinctive modifiers used in domain names, such as 'http://www" and "html"; thus, because "the TLD '.com' functions in the world of cyberspace much like the generic indicators 'Inc.,' 'Co.,' or 'LTD.' placed after the name of a company," "[a] top level domain indicator like '.com' does not turn an otherwise unregistrable designation into a distinctive, registrable trademark [or service mark].

Applicant presents an interesting argument in connection with the Dial-A-Mattress case, cited above. In that case, the Court reversed the Board's holding affirming the refusal to register "1-888-MATRESS" as a mark for "telephone shop-at-home services in the field of mattresses" based on the assertion of a bona fide intention to use the mark in commerce. The application was based on a claim of acquired distinctiveness predicated on applicant's use and registrations of other, similar marks.

The Court found the following: it was undisputed that the genus for the type of services rendered by the

8

applicant was "telephone shop-at-home services for retail mattresses" (which we interpret as meaning telephone retail sales of mattresses); the area code designation of "888" in the proposed mark was itself devoid of significance as a source identifier; "MATRESS" was the equivalent of "MATTRESS"; and the word "MATTRESS" is generic for retail services in the field of mattresses.

The Court held that the Board "had applied the wrong test in holding that the Director meets his burden of proving an alphanumeric telephone number generic merely by showing that it is composed of a non-source-indicating area code and a generic term."  The Court stated that the matter sought to be registered in that case was "a mnemonic formed by the union of a series of numbers and a word," and that, as such, it "bears closer conceptual resemblance to a phrase than a compound word."  Further, it was noted that refusing registration based on genericness required production of evidence establishing "the meaning the relevant purchasing public accords to the proposed mnemonic mark 'as a whole.'"

The instant appeal is distinguishable from the decision in that case because the matter sought to be registered here is not a mnemonic formed by combining numbers with a word.  It is not a telephone number, but

9

instead is an Internet address, but this fact does not, in and of itself, mandate registration. Just as in the <u>Dial-A-Mattress</u> case, what is sought to be registered is not the name of the genus or category of services, and in a sense similar to the toll-free telephone number scenario, the combination of the generic word "CONTAINER" and the TLD ".COM," considered in its entirety, is not the common descriptive name of the services at issue. In a similar sense, domain names, just like telephone numbers, typically can be used by only one entity at a time.

Notwithstanding these similarities between the cited case and the one at hand, the instant appeal presents an issue which differs from the one resolved by the Court in <u>Dial-A-Mattress</u>. The mark there was a toll-free telephone number which featured a misspelled generic term instead of the usual seven-digit number following the area code. As the Court characterized it, the proposed mark was a mnemonic combining numbers with a word, which was more of a "phrase" than a "compound word." Here the mark consists of a correctly spelled generic term followed by ".com." Unlike the toll free area code in <u>Dial-A-Mattress</u>, the ".com" portion of applicant's mark indicates that applicant is a commercial enterprise.

10

The Dial-A-Mattress case is further distinguishable because although telephone numbers are truly unique, i.e., a given ten-digit number can be used by only one entity at a time, domain names may be up to sixty-three numbers or characters, so that many domain names could contain the same root terms, combining them with different numbers or letters as prefixes and/or suffixes. Container suppliers who compete with applicant may in fact be using or have a competitive need to use the matter sought to be registered as part of their own domain names and trademarks.

In the case before us, contrary to Dial-A-Mattress, the mark cannot be characterized as a mnemonic phrase. It is instead a compound word, a generic term combined with the top level domain indicator, ".COM." In proving genericness, the Office may satisfy its burden by showing that these separate generic words have a meaning identical to the meaning common usage would ascribe to those words as a compound. In re Gould Paper Corp., 834 F.2d 1017, 5 USPQ2d 1110 (Fed. Cir. 1987). In a similar sense, neither the generic term nor the domain indicator has the capability of functioning as an indication of source, and combining the two does not result in a compound term that has somehow acquired this capability.

Applicant also argues that the mark is not generic because applicant's services are not Web-based. While it may be that applicant currently does not sell its goods over the Internet, that may not always be the case. In any event, applicant currently advertises its goods on the Internet.

DECISION: The refusal to register this term on the Supplemental Register is affirmed.