THIS OPINION IS NOT
CITABLE AS PRECEDENT
OF THE TTAB

Mailed:
July 5, 2006

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re GMAC Mortgage Corporation
_____

Serial No. 76560855
_____

Sherry H. Flax of Saul Ewing LLP for GMAC Mortgage
Corporation.

Robert Clark, Trademark Examining Attorney, Law Office 101
(Ronald R. Sussman, Managing Attorney).
_____

Before Seeherman, Quinn and Grendel, Administrative
Trademark Judges.

Opinion by Grendel, Administrative Trademark Judge:

Applicant seeks registration on the Principal Register

of the mark WORKPLACEHOMELOANS (in standard character form)

for services recited in the application as "real estate

mortgage banking and lending services; loan origination and

financing via a global communications network," in Class

36.[1]

_____

[1] Serial No. 76560855, filed November 19, 2003. The application
is based on use in commerce under Trademark Act Section 1(a), 15

At issue in this appeal is the Trademark Examining Attorney's final refusal to register applicant's mark on the ground that it is merely descriptive of the recited services. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1). The appeal is fully briefed, but no oral hearing was requested. We affirm the refusal to register.

A term is deemed to be merely descriptive of goods or services, within the meaning of Trademark Act Section 2(e)(1), if it forthwith conveys an immediate idea of an ingredient, quality, characteristic, feature, function, purpose or use of the goods or services. *See, e.g., In re Gyulay,* 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987), and *In re Abcor Development Corp.*, 588 F.2d 811, 200 USPQ 215, 217-18 (CCPA 1978). A term need not immediately convey an idea of each and every specific feature of the applicant's goods or services in order to be considered merely descriptive; it is enough that the term describes one significant attribute, function or property of the goods or services. *See In re H.U.D.D.L.E.,* 216 USPQ 358 (TTAB 1982); *In re MBAssociates*, 180 USPQ 338 (TTAB 1973).

---

U.S.C. §1051(a), and November 1, 2002 is alleged in the application as the date of first use of the mark anywhere and the date of first use of the mark in commerce.

Whether a term is merely descriptive is determined not in the abstract, but in relation to the goods or services for which registration is sought, the context in which it is being used on or in connection with those goods or services, and the possible significance that the term would have to the average purchaser of the goods or services because of the manner of its use. That a term may have other meanings in different contexts is not controlling. *In re Bright-Crest, Ltd*., 204 USPQ 591, 593 (TTAB 1979). Moreover, it is settled that "[t]he question is not whether someone presented with only the mark could guess what the goods or services are. Rather, the question is whether someone who knows what the goods or services are will understand the mark to convey information about them." *In re Tower Tech Inc*., 64 USPQ2d 1314, 1316-17 (TTAB 2002). *See also In re Patent & Trademark Services Inc*., 49 USPQ2d 1537 (TTAB 1998); *In re Home Builders Association of Greenville*, 18 USPQ2d 1313 (TTAB 1990); and *In re American Greetings Corporation*, 226 USPQ 365 (TTAB 1985).

Applying these principles in the present case, we find that applicant's mark, WORKPLACEHOMELOANS, is merely descriptive of applicant's recited services, because it immediately informs purchasers that the services consist of

or involve the offering, as an employee benefit, of home loans via an employee's workplace.

First, we reject applicant's argument that the term "home loans" is not merely descriptive of applicant's services because it is not commensurate with the "real estate mortgage banking and lending services" recited in the application. "Real estate" includes residential real estate, i.e., homes. We take judicial notice[2] that "real estate" is defined as "land, including all the natural resources and permanent buildings on it." The American Heritage Dictionary of the English Language (4th ed. 2000). "Home" is defined as "the physical structure within which one lives, such as a house or apartment." Id.

Loans enabling the purchase or refinancing of residential real estate are known as "home loans." Applicant itself, on its website (made of record by the Trademark Examining Attorney), uses the term "home loans" to identify and describe applicant's real estate mortgage banking and lending services. For example, the title on the webpage reads "Low Cost **Home Loans** For Employees." (Emphasis added.) The text of the webpage includes the

---

[2] The Board may take judicial notice of dictionary definitions. *See University of Notre Dame du Lac v. J.C. Gourmet Food Imports Co.*, 213 USPQ 594 (TTAB 1982), *aff'd*, 703 F.2d 1372, 217 USPQ 505 (Fed. Cir. 1983).

following: "We conduct educational seminars to simplify the **home loan** process and help your employees to make smart housing and financing decisions." (Emphasis added.) The webpage also includes the following text describing applicant's services:

> Perhaps an employee wants to purchase a new home, or refinance an existing home or maybe they just want to get cash out with a home equity loan. workplacehomeloans is a secure, cost-effective way to get that mortgage. Licensed in 50 states and open 24/7, we offer a full menu of home financing options: conventional and jumbo loans, fixed and adjustable rate mortgages, home equity loans for those that want to consolidate bills, do some home improvement or put a kid through college and special programs for the first time homebuyers including a one-hundred percent financing program. We even have a loan program that will finance up to 125% of the value of their home.

Clearly, applicant's services involve the making of home loans, a fact which is immediately and directly imparted to purchasers by the presence of the term HOMELOANS in applicant's mark.

We also find that WORKPLACE is merely descriptive of applicant's services, because it immediately informs purchasers that the services are made available to them as an employee benefit through their workplace. We take judicial notice that "workplace" is defined as "a place,

5

such as an office or factory, where people are employed."
The American Heritage Dictionary of the English Language
(4th ed. 2000).  That applicant offers its home loan
services as an employee benefit via the workplace is
evidenced by applicant's website, which includes the
following text:

> One of the best ways to make and keep employees
> happy is through great benefits, like the
> workplacehomeloans program powered by
> ditech.com.  Owning a home is the American
> dream.  It's one of the things we all work for.
> Getting into that home depends on getting a
> mortgage ... the right mortgage at the right
> price.  The workplacehomeloans program helps
> employees do just that.  It's a turnkey home
> financing program we provide to your company
> free as an employee benefit which entitles your
> employees to either an eighth of a percent off
> the national rate or up to $750 off their
> closing costs on selected programs.  ... For
> employers, it's a turnkey program that offers a
> great employee benefit at no cost to the
> company.  For employees, it means a wide range
> of simple, secure loans – from purchase loans
> to refinances, to home equity loans – all with
> lower closing costs, great customer service and
> best of all, no surprises.

The evidence of record also reveals that banking and
home loan services are made available as employee benefits
by at least two other companies in the United States.  The
webpage of Jefferson County Public Schools (Kentucky) shows
that school employees may take advantage of "Employee
Benefit Banking" from Fifth Third Bank.  Such banking

6

service benefits are stated to include "mortgage loans" and "No Down Payment Home Mortgages." School employees also may take advantage of a program called "Workplace Banking," offered by PNCBank. This evidence shows that employees would expect to be able to obtain banking services, including home loans, through their workplace. The designation WORKPLACE in applicant's mark immediately informs purchasers of this aspect of applicant's services.

Finally, we find that applicant's combining of the merely descriptive designations WORKPLACE and HOMELOANS into the composite WORKPLACEHOMELOANS does not negate the mere descriptiveness of the two terms, nor does it create a composite which itself is anything but merely descriptive. Although applicant is correct in noting that, sometimes, the combining of two descriptive terms "may change the meaning completely," this is not such a case. Significantly, applicant fails to explain or even specify exactly how the combination of "workplace" and "home loans" changes their meaning or commercial impression. We find that the terms retain their merely descriptive significance even after being combined; applicant's mark immediately informs purchasers that applicant's services involve the making of home loans via the workplace. Neither the juxtaposition of "workplace" and "home loans," nor the

7

compression of the two terms into the composite combination WORKPLACEHOMELOANS, eliminates the mere descriptiveness of applicant's mark. *Cf. In re Gould Paper Corp.,* 834 F.2d 1017, 5 USPQ2d 1110, 1111-1112 (Fed. Cir. 1987)(SCREENWIPE held generic as applied to premoistened antistatic cloths for cleaning computer and television screens); *In re Tower Tech, Inc.*, *supra* (SMARTTOWER merely descriptive of "commercial and industrial cooling towers and accessories therefor, sold as a unit"); and *In re Sun Microsystems Inc.,* 59 USPQ2d 1084 (TTAB 2001)(AGENTBEANS merely descriptive of computer software for use in development and deployment of application programs on global computer network).

In summary, we find that the evidence of record establishes the mere descriptiveness of applicant's mark as used in connection with applicant's recited services.

Decision:  The Section 2(e)(1) refusal is affirmed.