This Opinion is a
Precedent of the TTAB

Mailed: August 9, 2022

UNITED STATES PATENT AND TRADEMARK OFFICE

‒‒‒‒

Trademark Trial and Appeal Board

‒‒‒‒

*In re Zuma Array Limited*

‒‒‒‒

Serial No. 79288888

‒‒‒‒

Molly Buck Richard of Richard Law Group, Inc., for Zuma Array Limited.

Michael FitzSimons, Trademark Examining Attorney, Law Office 103,
   Stacy Wahlberg, Managing Attorney.

‒‒‒‒

Before Taylor, Lynch, and Larkin,
   Administrative Trademark Judges.

Opinion by Larkin, Administrative Trademark Judge:

Zuma Array Limited ("Applicant") seeks registration on the Principal Register of

the proposed standard-character mark SMART BEZEL (SMART disclaimed) for

goods ultimately identified, after multiple amendments, as

> Electronic sensor modules for controlling and integrating
> home automation systems, including lighting and thermal
> control apparatus, energy control devices and household
> appliances, smart plugs, smart sockets for electric lights,
> electric appliances and smart switches, audio and
> loudspeakers, alarms and other security control apparatus
> and home monitoring equipment; electronic sensor
> modules for controlling and integrating smart lighting

> systems and smart heating systems; component parts and
> fittings for the aforesaid goods, in International Class 9.[1]

The Examining Attorney refused registration of Applicant's proposed mark on the ground that it is "merely descriptive" of the goods identified in the application within the meaning of Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1). When the Examining Attorney made the refusal final, Applicant appealed and requested reconsideration, which was denied. Applicant and the Examining Attorney have filed briefs.[2] We affirm the refusal to register.

## I.    Prosecution History and Record on Appeal[3]

The application as originally filed included goods in both International Classes 9 and 11. The Examining Attorney issued a first Office Action refusing registration in both classes under Section 2(e)(1), and requiring amendments to Applicant's identifications of goods in both classes.[4] He made of record a dictionary definition of the adjective "smart" as "using a built-in microprocessor for automatic operation, for

---

[1] Application Serial No. 79288888 was filed on April 30, 2020 under Section 66 of the Trademark Act, 15 U.S.C. § 1141f, to extend the protection of International Registration No. 1539098 to the United States.

[2] Citations in this opinion to the briefs refer to TTABVUE, the Board's online docketing system. *See New Era Cap Co. v. Pro Era, LLC*, 2020 USPQ2d 10596, at *2 n.1 (TTAB 2020). The number preceding TTABVUE corresponds to the docket entry number, and any numbers following TTABVUE refer to the page(s) of the docket entry where the cited materials appear. Applicant's brief appears at 6 TTABVUE and the Examining Attorney's brief appears at 8 TTABVUE.

[3] Citations in this opinion to the application record, including the request for reconsideration and its denial, are to pages in the Trademark Status and Document Retrieval ("TSDR") database of the United States Patent and Trademark Office ("USPTO").

[4] August 26, 2020 Office Action at TSDR 1.

processing of data, or for achieving greater versatility,"[5] a dictionary definition of the word "bezel" as "the outer frame of a computer screen, mobile phone, or other electronic device,"[6] and an article about a patent held by Apple entitled "Electronic device, display and touch sensitive interface," which the article states enabled Apple to create a "smart bezel."[7]

Applicant responded to the first Office Action by amending its identifications of goods in both classes and arguing against the mere descriptiveness refusal. Applicant acknowledged that the word "smart" is defined as "using a built-in microprocessor," that the word "bezel" is defined as "the outer frame of a computer screen, mobile phone or other electronic device," and that the "most popular 'smart bezel' devices are the Apple touch screens for its iPad and other devices," but argued that "Applicant's goods do not feature a 'smart bezel' and in fact, none of the applied for goods, as amended, feature a 'bezel' at all," such that "the term cannot be descriptive as applied to applicant's goods."[8] Applicant noted that it had received a similar initial descriptiveness rejection of an application to register SMART BEZEL in the United Kingdom, but that the rejection had been withdrawn. Applicant made of record a copy

---

[5] *Id.* at TSDR 2 (MERRIAM-WEBSTER DICTIONARY).

[6] *Id.* at TSDR 3 (COLLINS DICTIONARY).

[7] *Id.* at TSDR 4-9.

[8] March 19, 2021 Response to Office Action at TSDR 1.

of the "Hearing Report" regarding the partial waiver of the rejection as to certain goods in Applicant's United Kingdom application.[9]

The Examining Attorney then issued an Office Action making final the mere descriptiveness refusal.[10] He made of record Internet webpages using the term "smart bezel" in connection with a gaming device, printers, watches, lighting grommets, thermostat wall plates, power sockets, speakers, and kitchen pop up outlets.[11]

Applicant requested reconsideration and subsequently appealed to the Board. In its Request for Reconsideration, Applicant disclaimed the exclusive right to use SMART apart from the mark as shown, further limited the Class 9 identification of goods in the application, and deleted Class 11 in its entirety.[12]

The Examining Attorney denied Applicant's Request for Reconsideration.[13] He made of record a page from Applicant's website at zuma.ai discussing Applicant's "Smart Bezel™,"[14] and pages from a third-party website captioned "Zuma – rethinking smart gadgetry for the connected home," which included an interview with one of Applicant's employees at Applicant's headquarters about its smart gadgetry.[15]

---

[9] *Id.* at TSDR 2-10. We are, of course, not bound by this decision of the United Kingdom Intellectual Property Office. *See generally Kohler Co. v. Honda Giken Kogyo K.K.*, 125 USPQ2d 1468, 1479 (TTAB 2017).

[10] April 20, 2021 Final Office Action at TSDR 1.

[11] *Id.* at TSDR 2-9.

[12] October 5, 2021 Request for Reconsideration at TSDR 1.

[13] November 16, 2021 Denial of Request for Reconsideration at TSDR 1. The Examining Attorney accepted Applicant's limitation to its Class 9 identification of goods, deletion of Class 11 in its entirety, and disclaimer of SMART.

[14] *Id.* at TSDR 2.

[15] *Id.* at TSDR 3-9.

## II.    Analysis of the Mere Descriptiveness Refusal

### A.    Applicable Law

Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1), prohibits registration on the Principal Register of "a mark which, (1) when used on or in connection with the goods of the applicant is merely descriptive . . . of them," unless the mark has acquired distinctiveness under Section 2(f) of the Act, 15 U.S.C. § 1052(f).[16]

"A term is deemed to be merely descriptive of goods or services, within the meaning of Section 2(e)(1), if it forthwith conveys an immediate idea of an ingredient, quality, characteristic, feature, function, purpose or use of the goods or services." *In re Fallon*, 2020 USPQ2d 11249, at *7 (TTAB 2020) (quoting *In re Canine Caviar Pet Foods, Inc.*, 126 USPQ2d 1590, 1598 (TTAB 2018) (citing *In re Chamber of Commerce of the U.S.*, 675 F.3d 1297, 102 USPQ2d 1217, 1219 (Fed. Cir. 2012); *In re TriVita, Inc.*, 783 F.3d 872, 114 USPQ2d 1574, 1575 (Fed. Cir. 2015); and *In re Abcor Dev. Corp.*, 588 F.2d 811, 200 USPQ 215, 217-18 (CCPA 1978)). "A mark need not immediately convey an idea of each and every specific feature of the goods in order to be considered merely descriptive; it is enough if it describes one significant attribute, function or property of the goods." *In re Fat Boys Water Sports LLC*, 118 USPQ2d 1511, 1513 (TTAB 2016) (citing *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009, 1010 (Fed. Cir. 1987)). "[A] mark need not be merely descriptive of all recited goods or services in an application. A descriptiveness refusal is proper 'if the mark is descriptive of any of the [goods] for which registration is sought.'" *Chamber of*

---

[16] Applicant does not claim that its proposed mark has acquired distinctiveness.

*Commerce*, 102 USPQ2d at 1219 (quoting *In re Stereotaxis Inc.*, 429 F.3d 1039, 77 USPQ2d 1087, 1089 (Fed. Cir. 2005)).

"Whether a mark is merely descriptive is 'evaluated in relation to the particular goods for which registration is sought, the context in which it is being used, and the possible significance that the term would have to the average purchaser of the goods because of the manner of its use or intended use,'" *Fallon*, 2020 USPQ2d 11249, at *7 (quoting *Chamber of Commerce*, 102 USPQ2d at 1219), and "not in the abstract or on the basis of guesswork." *Id.* (quoting *Fat Boys*, 118 USPQ2d at 1513) (citing *Abcor Dev.*, 200 USPQ at 218)). "We ask 'whether someone who knows what the goods and services are will understand the mark to convey information about them.'" *Id.* (quoting *Real Foods Pty Ltd. v. Frito-Lay N. Am., Inc.*, 906 F.3d 965, 128 USPQ2d 1370, 1374 (Fed. Cir. 2018) (quoting *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 103 USPQ2d 1753, 1757 (Fed. Cir. 2012)).

Applicant's proposed mark is a combination of the words SMART and BEZEL. "We must 'consider the *commercial impression* of a mark as a whole.'" *Id.* (quoting *Real Foods*, 128 USPQ2d at 1374). "In considering [the] mark as a whole, [we] 'may not dissect the mark into isolated elements,' without consider[ing] . . . the entire mark," *id.* (quoting *Real Foods*, 128 USPQ2d at 1374) (internal quotation omitted), "but we 'may weigh the individual components of the mark to determine the overall impression or the descriptiveness of the mark and its various components.'" *Id.* (quoting *Real Foods*, 128 USPQ2d at 1374). "Indeed, we are 'required to examine the

meaning of each component individually, and then determine whether the mark as a whole is merely descriptive.'" *Id.* (quoting *DuoProSS*, 103 USPQ2d at 1758).

"Where a mark consists of multiple words, the mere combination of descriptive words does not necessarily create a non-descriptive word or phrase." *In re Omniome, Inc.*, 2020 USPQ2d 3222, at *4 (TTAB 2019). "If the words in the proposed mark are individually descriptive of the identified goods, we must determine whether their combination 'conveys any distinctive source-identifying impression contrary to the descriptiveness of the individual parts.'" *Fallon*, 2020 USPQ2d 11249, at *7 (quoting *Fat Boys*, 118 USPQ2d at 1515-16). "If each word instead 'retains its merely descriptive significance in relation to the goods, the combination results in a composite that is itself merely descriptive.'" *Id.* (quoting *Fat Boys*, 118 USPQ2d at 1516) (internal quotation omitted)).

"Whether a mark is merely descriptive or not is determined from the viewpoint of the relevant purchasing public." *Omniome*, 2020 USPQ2d 3222, at *5 (quoting *Stereotaxis*, 77 USPQ2d at 1090). The goods identified in the application, as amended, are (1) "Electronic sensor modules for controlling and integrating home automation systems, including lighting and thermal control apparatus, energy control devices and household appliances, smart plugs, smart sockets for electric lights, electric appliances and smart switches, audio and loudspeakers, alarms and other security control apparatus and home monitoring equipment;" (2) "electronic sensor modules for controlling and integrating smart lighting systems and smart heating systems;" and (3) "component parts and fittings for the aforesaid goods." The identified goods

are intended at least in part for use in the home, and the class of purchasers would include members of the general public, such as homeowners.

"Evidence of the public's understanding of [a] term . . . may be obtained from any competent source, such as purchaser testimony, consumer surveys, listings in dictionaries, trade journals, newspapers[,] and other publications." *Fallon*, 2020 USPQ2d 11249, at *7 (quoting *Real Foods*, 128 USPQ2d at 1374). "These sources may include [w]ebsites, publications and use in labels, packages, or in advertising materials directed to the goods." *Id.*, at *7-8 (quoting *In re N.C. Lottery*, 866 F.3d 1363, 123 USPQ2d 1707, 1710 (Fed. Cir. 2017) (internal quotation omitted)). "Evidence that a term is merely descriptive similarly may come from an applicant's own usage other than that found on its labels, packaging or advertising materials." *Omniome*, 2020 USPQ2d 3222, at *4.

"It is the Examining Attorney's burden to show, prima facie, that a mark is merely descriptive of an applicant's goods or services." *Fallon*, 2020 USPQ2d 11249, at *8 (quoting *Fat Boys*, 118 USPQ2d at 1513). "If such a showing is made, the burden of rebuttal shifts to the applicant." *Id.* (quoting *Fat Boys*, 118 USPQ2d at 1513). "The Board resolves doubts as to the mere descriptiveness of a mark in favor of the applicant." *Id.* (quoting *Fat Boys*, 118 USPQ2d at 1513).

## B. Summary of Arguments

### 1. The Examining Attorney

The Examining Attorney argues that "in the context of applicant's goods and similar goods, the word 'SMART' means '*using a built-in microprocessor for automatic*

*operation, for processing of data, or for achieving greater versatility,'"* 8 TTABVUE 5 (quoting MERRIAM-WEBSTER DICTIONARY), and that "smart" "has been held merely descriptive of devices that employ automated technology." *Id.* (citations omitted). He concludes that "'SMART' is merely descriptive of a characteristic or use of applicant's goods." *Id.* He defines "bezel" as "'the outer frame of a computer screen, mobile phone, or other electronic device.'" *Id.* at 6 (quoting COLLINS DICTIONARY).

The Examining Attorney argues that when "smart" and "bezel" are combined in Applicant's proposed mark SMART BEZEL, the mark

> immediately conveys information regarding applicant's goods, that is, that applicant's sensors are designed to be incorporated into the bezels of various electronics appliances, and lighting and heating systems, to render the bezels of such goods capable of performing automatic operations for processing data or for achieving greater versatility. Indeed, evidence of record excerpted directly from applicant's website includes the following passage[ ], "*It's easy to swap out a standard **bezel** for a Smart Bezel™ to access a wide range of built-in sensors to support environmental, presence, and life safety applications*" (emphasis added).

*Id.* The Examining Attorney further argues that "the term SMART BEZEL is used by others in the broader electronics industry to describe goods containing bezels with built-in microprocessors." *Id.* at 7.

According to the Examining Attorney, SMART BEZEL is merely descriptive "because it describes a characteristic or use of applicant's goods: the sensors specified in the application are incorporated into bezels that feature microprocessors for achieving greater versatility. In other words, applicant's goods are smart bezel sensors." *Id.* He further argues that Applicant's goods "are sensors for bezels that

feature microprocessors, or more succinctly, that they are sensors used in smart bezels." *Id.* at 8.

### 2. Applicant

Applicant summarizes its argument as follows: "[T]he mark SMART BEZEL [for the identified goods] is not merely descriptive given (1) that Applicant's mark does not immediately describe with any degree of particularity the characteristics or features of the goods and (2) that any and all doubt must be resolved in Applicant's favor." 6 TTABVUE 8.

Applicant specifically highlights that the "Examining Attorney notes that the provided screenshot from Applicant's website appears to be a lighting fixture (which would be within the deleted goods in Class 11) but states that the bezel on the lighting fixture features electronic sensors," *id.* at 9, and that

> [t]he Examining Attorney further acknowledged that the goods identified in the application may not comprise or feature bezels, however, he states that the mark is merely descriptive of a characteristic of applicant's goods "because they are key components in applicant's bezels." Essentially, the Examining Attorney is taking the position that because sensors may be plugged into a bezel that is affixed to a lighting fixture, consumers will readily understand that the mark SMART BEZEL *for the electronic sensor modules* merely describes the goods.

*Id.* at 9-10 (emphasis supplied by Applicant).

Applicant next argues that the Examining Attorney has not "submitted any evidence of descriptive use of SMART BEZEL in association with electronic sensor modules by Applicant's competitors," and that "there is no evidence in the record to

[show] any third-party use of the term SMART BEZEL in connection with any of the applied for goods." *Id.* at 10.

Applicant also argues that "[t]here is ambiguity in the mark SMART BEZEL and no information about any quality or characteristic of the goods is immediately conveyed with a degree of particularity. Therefore, Applicant's mark is suggestive, and the descriptiveness refusal should be withdrawn." *Id.* at 12.

Finally, Applicant argues that "the Board has recognized that to the extent there is **any** doubt as to whether a mark is suggestive or merely descriptive, the doubt **must** be resolved in the Applicant's favor by finding the proposed mark to be suggestive." *Id.* (emphasis supplied by Applicant).

## C. Analysis

Because the question of mere descriptiveness "is 'evaluated in relation to the particular goods for which registration is sought,'" *Fallon*, 2020 USPQ2d 11249, at *7 (quoting *Chamber of Commerce*, 102 USPQ2d at 1219), we must first discuss the nature of those goods.

Applicant seeks registration for goods ultimately identified as (1) "**Electronic sensor modules** for controlling and integrating home automation systems, including lighting and thermal control apparatus, energy control devices and household appliances, smart plugs, smart sockets for electric lights, electric appliances and smart switches, audio and loudspeakers, alarms and other security control apparatus and home monitoring equipment;" (2) "**electronic sensor modules** for controlling

and integrating smart lighting systems and smart heating systems;" and (3) "component parts and fittings for the aforesaid goods."[17]

We note with some surprise that neither Applicant nor the Examining Attorney defines or discusses the nature of "electronic sensor modules," but the "Board may take judicial notice of dictionary definitions, including online dictionaries, definitions in technical dictionaries and translation dictionaries that exist in printed form," *Omniome*, 2020 USPQ2d 3222, at *2 n.17, and we take judicial notice that a "module" is "a usually packaged functional assembly of electronic components for use with other such assemblies."[18]

As discussed above, we must consider the significance of the individual words in Applicant's proposed mark in the context of these goods. Applicant "disclaimed exclusive rights in the term 'Smart,'" 6 TTABVUE 11, thus conceding that "smart" is merely descriptive of electronic sensor modules. *See, e.g.*, *In re Six Continents Ltd.*, 2022 USPQ2d 135, at *18 (TTAB 2022) (disclaimer of word SUITES in ATWELL SUITES MARK "is a concession that 'Suites' is not inherently distinctive") (citing *In re DNI Holdings Ltd.*, 77 USPQ2d 1435, 1442 (TTAB 2005) ("it has long been held

---

[17] October 5, 2021 Request for Reconsideration at TSDR 1 (emphasis added).

[18] MERRIAM-WEBSTER DICTIONARY (merriam-webster.com), last accessed on August 9, 2022. As noted above, we are not bound by the findings or conclusion of the United Kingdom Intellectual Property Office. We nonetheless appreciate that in the Hearing Report regarding the partial waiver of the rejection of Applicant's SMART BEZEL mark for certain goods in Applicant's United Kingdom application, the Hearing Officer stated that "a sensor module is [a] type of printed circuit board on which a number of sensors are fixed and which is then used inside the host product and forms a part of that product's internal workings." March 19, 2021 Response to Office Action at TSDR 6. The Hearing Officer attached a photograph of a digital temperature sensor module to the Hearing Report as Annex A. *Id.* at TSDR 9. This finding is consistent with the referenced United States dictionary definition and our understanding of the nature of the identified sensor modules.

that the disclaimer of a term constitutes an admission of the merely descriptive nature of that term . . . at the time of the disclaimer")). Applicant does not dispute that a "bezel" is "the outer frame of a computer screen, mobile phone, or other electronic device,"[19] but argues that the word is not merely descriptive of electronic sensor modules because they do not contain bezels. *Id.* at 9-10.[20] The Examining Attorney responds that Applicant's "sensors are designed to be incorporated into the bezels of various electronics appliances, and lighting and heating systems, to render the bezels of such goods capable of performing automatic operations for processing data or for achieving greater versatility." 8 TTABVUE 6.

A proposed mark that describes the intended use or purpose of the goods with which it is used is merely descriptive. *See, e.g., In re G. E. Smith, Inc.*, 138 USPQ 518, 519 (TTAB 1963) (finding that KOLD KURE was merely descriptive of foundry core and mold binder compositions because it was the phonetic equivalent of COLD CURE, which "merely describe[d] the intended use of the product--an ingredient used in the cold cure process of making cores or molds"); *In re Clorox Co.*, 196 USPQ 140, 142 (TTAB 1977) (finding that ERASE was merely descriptive of laundry soil and stain

---

[19] August 26, 2020 Office Action at TSDR 3 (COLLINS DICTIONARY). The referenced definition is from the "British English" portion of the dictionary, but Applicant does not dispute the meaning of "bezel" to United States consumers. 6 TTABVUE 6 (noting that during prosecution "the Examining Attorney provided dictionary definitions of the term 'Smart' and the term 'Bezel' (meaning the outer frame of a computer screen, mobile phone, or other electronic device.)." We take judicial notice that THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE, which features American English, similarly defines a bezel as "[t]he frame around a display screen." (ahdictionary.com, last accessed on August 9, 2022).

[20] The Examining Attorney does not dispute that Applicant's electronic sensor modules do not have bezels. The Hearing Officer on Applicant's United Kingdom application similarly concluded "that sensor modules are not goods that will incorporate a bezel . . . ." March 19, 2021 Response to Office Action at TSDR 6.

remover because it "immediately describe[d] to the average purchaser of household detergents the purpose and function of applicant's product"). In view of the admitted descriptiveness of SMART for electronic sensor modules, the next issues are whether the word BEZEL is also merely descriptive of electronic sensor modules that are intended to be used on bezels to make them "smart" by virtue of "a built-in microprocessor for automatic operation, for processing of data, or for achieving greater versatility,"[21] and whether the combination of SMART and BEZEL "results in a composite that is itself merely descriptive." *Fallon*, 2020 USPQ2d 11249, at \*7 (quoting *Fat Boys*, 118 USPQ2d at 1516).

In descriptiveness cases in which there is record evidence of the applicant's use of the proposed mark, the Board "must consider [the] mark in its commercial context to determine the public's perception." *N.C. Lottery*, 123 USPQ2d at 1709. "[P]roof of mere descriptiveness may originate from [an applicant's] own descriptive use of its proposed mark, or portions thereof" in its materials, *Omniome*, 2020 USPQ2d 3222, at \*4, and "'an applicant's own website and marketing materials may be . . . 'the most damaging evidence' in indicating how the relevant purchasing public perceives a term.'" *In re Mecca Grade Growers, LLC*, 125 USPQ2d 1950, 1958 (TTAB 2018) (quoting *In re Gould Paper Corp.*, 834 F.2d 1017, 5 USPQ2d 1110, 1112 (Fed. Cir. 1987)).

We depict below the "Smart Bezel™" product displayed on Applicant's website:

---

[21] August 26, 2020 Office Action at TSDR 2 (MERRIAM-WEBSTER DICTIONARY).



What Applicant calls its "Smart Bezel™" is shown in green within the device on the left.[23] The "Smart Bezel" is speckled with what appear to be sensors and other devices. Applicant's webpage states that "swap[ping] out a standard bezel for a Smart Bezel™" enables homeowners to "access a wide range of built-in sensors to support environmental, presence and life safety applications." Applicant's website makes clear that the word BEZEL in Applicant's proposed mark refers to the type of device on which the identified electronic sensor modules will be used.

---

[22] November 16, 2021 Denial of Request for Reconsideration at TSDR 2.

[23] Applicant appears to agree with the Examining Attorney that the "screenshot depicts what appears to be a lighting fixture in which the bezel features electronic sensors, such as those identified in the application." 6 TTABVUE 9 (citing November 16, 2021 Denial of Request for Reconsideration at TSDR 1).

On the basis of Applicant's statements on its webpage, we agree with the Examining Attorney that the electronic sensor modules identified in Applicant's application "are designed to be incorporated into the bezels of various electronics appliances, and lighting and heating systems, to render the bezels of such goods capable of performing automatic operations for processing data or for achieving greater versatility." 8 TTABVUE 6. The commercial context of Applicant's use of its proposed mark on its website "demonstrates that a consumer would immediately understand the intended meaning of" SMART BEZEL for electronic sensor modules, *N.C. Lottery*, 123 USPQ2d at 1710, namely, that the modules are used to create a "smart bezel."

There is no evidence in the record of descriptive use of "smart bezel" by Applicant's competitors or third parties for the specific goods in the application, but there "is no requirement that the Examining Attorney prove that others have used the mark at issue or that they need to use it, although such proof would be highly relevant to an analysis under Section 2(e)(1)." *Fallon*, 2020 USPQ2d 11249, at *11 (quoting *Fat Boys*, 118 USPQ2d at 1514). "The fact that Applicant may be the first or only user of a term does not render the term distinctive' if, as here, it has been shown to be merely descriptive of the goods identified in the application." *Id.* (quoting *Fat Boys*, 118 USPQ2d at 1514); *see also KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 72 USPQ2d 1833, 1838 (2004) (Lanham Act does not countenance someone obtaining "a complete monopoly on use of a descriptive term simply by

grabbing it first" and thereby "depriv[ing] commercial speakers of the ordinary utility of descriptive words") (citation omitted).

The record also contains an article about Applicant's products in which Applicant's senior engineer Edward Rose is quoted stating that "we can now plug in cameras, sensors and all sorts of other things onto a bezel that will snap on to the front of your unit after you've installed it and expand the capability to do whatever you might imagine."[24] Mr. Rose's statement confirms that the electronic sensor modules identified in Applicant's application are intended to be used to create a "smart" bezel that will replace a standard bezel and "expand the capability to do whatever you might imagine."

Applicant's website and the article about its goods "show[ ] that the [SMART BEZEL] mark is less an identifier of the source of goods . . . and more a description of a feature or characteristic of those goods . . . ." *Fallon*, 2020 USPQ2d 11249, at *11 (quoting *N.C. Lottery*, 123 USPQ2d at 1710). We find that SMART BEZEL is merely descriptive of a use or purpose of the electronic sensor modules identified in Applicant's application, and as such is ineligible for registration on the Principal Register in the absence of a showing of acquired distinctiveness.

**Decision**: The refusal to register is affirmed.

---

[24] November 16, 2021 Denial of Request for Reconsideration at TSDR 8.